

Richard J.L. Lomuscio<br>
**PARTNER**<br>
OFFICE: 646.883.7471<br>
richard.lomuscio@stinson.com

**Via ECF**

November 19, 2024

Honorable Jessica G. L. Clarke
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312



Re:   *Ke v. BIMI Holdings Inc., et al.* (Case No. 1:24-cv-06324)
      Plaintiff's Letter Concerning the Initial Pretrial Conference

Dear Judge Clarke:

We represent Plaintiff Jian Ke ("Plaintiff") in this action against BIMI Holdings Inc. ("BIMI"), Oudom Fnu ("Mr. Fnu"), and Tiewei Song ("Mr. Song" and, together with BIMI and Mr. Fnu, the "Defendants"). We submit this letter in advance of the initial pretrial conference scheduled in this matter for November 26, 2024. (*See* ECF No. 6.) Because no attorney has entered appearance on behalf of any of the Defendants and we have not been contacted by any attorneys purporting to represent Defendants, Plaintiff submits this letter on its own behalf in response to the Court's order of August 27, 2024. (*See* ECF No. 6.)

*Service.* As an initial matter, Plaintiff has effected service of process on BIMI and Mr. Fnu. BIMI was served on October 10, 2024 and Plaintiff intends to file a motion for default judgment against BIMI because more than 21 days have elapsed without a response since service was completed. Mr. Fnu was served on November 15, 2024. Plaintiff is currently evaluating the most efficient means for service upon Mr. Song given that he currently resides in the People's Republic of China.

*Whether an initial pretrial conference is necessary at all.* Given BIMI's failure to appear and service issues as to Mr. Fnu and Mr. Song, Plaintiff believes that the most efficient course would be for the Court to adjourn the initial pretrial conference to allow for (i) the filing of a default judgment motion against BIMI; and (ii) to afford additional time for Defendants to retain counsel and for service on Mr. Song.

In accordance with the Court's individual rules and practices, Plaintiff states: (1) the original date of the initial pretrial conference is November 26, 2024, and the new dates requested are set forth below; (2) no previous requests for adjournment have been made and, therefore, (3) none have been granted/denied; (4) the reason for the adjournment is to allow time for Defendants to retain

November 19, 2024
Page 2

counsel and for Plaintiff to serve Mr. Song; (5) Defendants have not retained counsel and have not otherwise communicated with Plaintiff, so they have not consented; and (6) no other appearance has been scheduled. Plaintiff proposes the following three alternative dates for the initial status conference: (i) December 20, 2024; (ii) January 13, 2025; and (iii) January 20, 2025.

*The nature of the action.* Plaintiff brings this action asserting breach of contract and fraud in connection with Defendants' misconduct relating to certain warrants to purchase common stock of BIMI issued to Plaintiff. In exchange for consulting services, Plaintiff was issued warrants in BIMI. Defendants urged Plaintiff to delay enforcing his warrants. As part of those efforts, Defendants (1) induced Plaintiff to sign a purchase agreement in which they agreed to cause BIMI to buy back the warrants at a later date; and (2) represented that the warrants would be extended. In fact, Defendants never intended to cause BIMI to buy back the warrants, and lied to Plaintiff about the extension. To date, no warrants have been bought back and seventy-five percent (75%) of them have expired and become useless as a result. Delaying exercise of the warrants by Plaintiff allowed Defendants to free up cash for other purposes. Namely, Defendants have caused BIMI to buy back the warrants of BIMI's investor-warrant holders because Mr. Fnu, who has spent the last two years consolidating control over BIMI, sees those investors as sources of financing for the Company (and the best way to secure the value of his investment). BIMI has defaulted and as to Mr. Fnu and Mr. Song, no counsel has appeared, so the defenses they might assert are unknown.

Plaintiff's breach of contract claims can likely be determined on summary judgment. The warrants and relevant agreement between Plaintiff and BIMI contain straightforward obligations to compensate Plaintiff for services rendered. *See* Compl. ¶¶ 62-70, ECF No. 1; Compl. Ex. 1, ECF No. 1-1. Plaintiff will be able to demonstrate breach by showing that payment was not made in the time and manner required by the warrants and agreement. In contrast, Plaintiff's fraud claim may turn on disputed issues of fact including, for instance, the representations that Mr. Fnu and Mr. Song made to Plaintiff during in-person meetings and telephone calls.

*Jurisdiction and Venue*. Complete diversity of citizenship exists between the parties. Plaintiff is an individual residing in Florida and, for diversity purposes, is a citizen of Florida. BIMI is a corporation incorporated under the laws of Delaware, with its principal place of business in New York. Mr. Fnu, BIMI's Chairman, is an individual who resides in California and New York and, for diversity purposes, is a citizen of California. Mr. Song, BIMI's Chief Executive Officer, is an individual who resides in the People's Republic of China and, for diversity purposes, is a citizen of the People's Republic of China.

Venue is proper in this District under 28 U.S.C. § 1391 because (1) the relevant agreement was negotiated through conversations and correspondence with Defendants at or through BIMI's office in Manhattan and (2) that agreement and the various warrants at issue specify that this dispute is governed by New York law and that all disputes must be referred to a court located in Manhattan. *See* Compl., Ex. 1 § 5.10, ECF No. 1-1.

The Court has (or will acquire) personal jurisdiction over Defendants. The Court has personal jurisdiction over BIMI because it maintains its principal place of business in New York.

November 19, 2024
Page 3

The Court has personal jurisdiction over Mr. Fnu because, upon information and belief, he maintains a residence in this State. Further, as BIMI's Chairman, Mr. Fnu regularly does business in this State. Once he is served, the Court will have personal jurisdiction over Mr. Song because, as BIMI's Chief Executive Officer, he regularly does business in this State.

*Deadlines*. Plaintiff filed its Complaint on August 21, 2024, so the 90-day deadline for service of process on domestic defendants is November 19, 2024. The 90-day deadline does not apply to service upon Mr. Song. *See* Fed. R. Civ. P. 4(f), (m). To Plaintiff's knowledge, there are no other existing deadlines, due-dates or cutoff dates.

*Motions*. The only outstanding motion is this letter requesting an adjournment of the initial pretrial conference because no Defendants have appeared. There are no other motions outstanding.

*Discovery*. No discovery has taken place. Before meaningful settlement discussions can take place, Plaintiff believes it necessary to obtain: (1) internal BIMI correspondence concerning the Company's warrant obligations to Plaintiff, including correspondence between Mr. Fnu and Mr. Song concerning the same; (2) correspondence between BIMI and its select investor-warrant holders; and (3) the depositions of Mr. Fnu and, if obtainable, Mr. Song.

*Prior Settlement Discussions*. Mr. Fnu, Mr. Song, BIMI, and their representatives ceased all correspondence with Plaintiff in May 2024. And, as discussed, Defendants have yet to retain counsel. As such, no settlement discussions have taken place.

We are prepared to provide any additional information that would be helpful to the Court in advance of the initial pretrial conference.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Richard J.L. Lomuscio*

Richard J.L. Lomuscio

Application GRANTED. The conference scheduled for **November 26, 2024** is ADJOURNED *sine die*. Service of Mr. Song is to be completed by **December 20, 2024.** If no response is received by Mr. Song within 21 days of service, Plaintiff shall file a motion for default judgment with respect to all Defendants by **January 24, 2025**. The Clerk of Court is directed to terminate ECF No. 10.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
Dated: November 20, 2024
          New York, New York