UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAN KE,

                           Plaintiff,

-against-

BIMI HOLDINGS INC., TIEWEI SONG, and OUDOM FNU,

                           Defendants.

24-CV-6324 (JGLC)

**<u>ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff has moved for alternative service with respect to foreign Defendant Tiewei Song, seeking authorization for service through a registered agent of BIMI Holdings, Inc. located in Delaware. ECF No. 20. Plaintiff has also requested authorization for service through Carter Ledyard & Milburn LLP ("CLM"), whom he understood to be Defendant Song's attorneys. *Id.* However, CLM has since confirmed that they do not represent Defendant Song. ECF No. 21.

      Federal Rule of Civil Procedure 4(f) provides that individuals in foreign countries may be served (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "by a method that is reasonably calculated to give notice"; and (3) "by other means not prohibited by international agreement, as the court orders." "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (internal citation omitted). "In evaluating whether alternative service is appropriate, courts in this Circuit generally consider whether (1) the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) the circumstances are such that the court's intervention is necessary." *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 1:24-CV-00744 (JLR), 2024 WL 2317715, at *2

(S.D.N.Y. May 22, 2024). "Compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Alternative service is appropriate here. First, the Hague Convention does not apply where service is made on a foreign citizen's agent within the United States, which is what Plaintiff seeks to do. *Orient Plus Int'l Ltd.*, 2024 WL 2317715, at *3. Second, Plaintiff has reasonably attempted to effectuate service on Defendant Song by attempting to serve Defendant Song five times since August 27, 2024, through what Plaintiff understood to be his offices and residences in the United States.[1] *See* ECF No. 20 at 1–2. Moreover, service by the Chinese Ministry of Justice may or may not be successful, and where successful, it can take up to 18 months. *Id.* at 2 (citing *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013)). The risk of delay warrants authorization of alternative service. *See Stream SICAV*, 989 F. Supp. 2d at 280; *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (collecting cases).

Plaintiff's motion for alternative service through a registered agent of BIMI Holdings, Inc ("BIMI") located in Delaware is GRANTED. Plaintiff shall complete alternative service by **February 21, 2025**. If no response is received by Defendant Song within 21 days of service, Plaintiff shall file a motion for default with respect to Defendant Song by **March 28, 2025**.

Dated: January 21, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

---

[1] The Hague Convention also does not apply where the addresses of the person to be served is not known, which may be shown after a plaintiff makes reasonable efforts to locate the person's addresses and is unable to. *Kelly Toys Holdings, LLC v. Top Dep't Store*, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022).